# UNITED STATES DISTRICT COURT
# FOR THE
# WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHERYL WILLIAMS, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) **Case No.:** |
| | ) |
| VISION FINANCIAL CORP, | ) **COMPLAINT AND DEMAND FOR** |
| | ) **JURY TRIAL** |
| Defendant | ) |

## COMPLAINT

CHERYL WILLIAMS ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against VISION FINANCIAL CORP ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant 28 U.S.C. § 1331 which grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3.     Defendant has an office and conducts business in the Commonwealth of Pennsylvania and as such, personal jurisdiction is established.

4.     Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5.     Plaintiff is a natural person residing in Tarentum, Pennsylvania 15084.

6.     Plaintiff is a "consumer" as that term is defined in 15 U.S.C. §1692a(3), as he is a natural person allegedly obligated to pay a debt.

7.     In the alternative, Plaintiff is a person granted a cause of action under the FDCPA.  See 15 U.S.C. §1692k(a) and Wenrich v. Cole, 2000 U.S. Dist. LEXIS 18687 (E.D. Pa. Dec. 22, 2000).

8.     Defendant, VISION FINANCIAL CORP., is a national debt collection company with its principal place of business located at 4 W. Red Oak Lane, Suite 302, White Plains, New York 10604.

9.     Defendant collects, and attempts to collect, consumer debts incurred, or alleged to have been incurred, for personal, family or household purposes on behalf of creditors and debt buyers using the U.S. Mail, telephone and/or internet.

10.     Defendant is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6), in that Defendant held themselves out to be a company collecting a consumer debt from Plaintiff.

11.   Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

12.   At all pertinent times hereto, Defendant was hired to collect a consumer debt and repeatedly contact Plaintiff in its attempts to collect that debt.

13.   Upon information and belief, the debt Defendant was attempting to collect arose out of transactions that were primarily for personal, family or household purposes.

14.   Plaintiff never incurred any debt in connection with business or commercial activities, and therefore, the debt, if truly an obligation owed by her, could have only arisen from financial obligations for primarily personal, family or household purposes.

15.   Beginning in November 2014, and continuing through February 2015, Defendant repeatedly called Plaintiff on her cellular telephone.

16.   Defendant called Plaintiff several times each week, and at times, more than once a day over a three (3) month period.

17.   It was annoying and aggravating to Plaintiff to receive repeated collection calls.

18.   Further, within five days of its initial communication with Plaintiff,

Defendant failed to send Plaintiff written notification of her rights to dispute the debt and/or to request verification, as well as her right to request the name and address of the original creditor.

## DEFENDANT VIOLATED THE
## FAIR DEBT COLLECTION PRACTICES ACT

### COUNT I

19.     Defendant's conduct, as detailed in the preceding paragraphs, violated 15 U.S.C. § 1692d.

  a. A debt collector violates § 1692d of the FDCPA by engaging in conduct of the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

  b. Here, Defendant violated § 1692d of the FDCPA by continuously contacting Plaintiff multiple times a week, and at times more than once a day, on her cellular telephone.

### COUNT II

20.     Defendant's conduct, detailed in the preceding paragraphs, violated 15 U.S.C. §1692g(a).

  a. A debt collector violates § 1692g(a) of the FDCPA by failing t0send to the consumer, within five days after its initial communication with a consumer in connection with the

collection of a debt, a written notice containing: (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

b.    Here, Defendant violated § 1692g of the FDCPA by failing to send written notification, within five (5) days after its initial communication with Plaintiff, advising Plaintiff of her rights to dispute the debt or request verification of the debt or providing her with the name of the original creditor and the amount of the

PLAINTIFF'S COMPLAINT

debt.

WHEREFORE, Plaintiff, CHERYL WILLIAMS, respectfully prays for a judgment as follows:

a.   All actual damages suffered pursuant to 15 U.S.C. §1692k(a)(1);

b.   Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. §1692k(a)(2)(A);

c.   All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. §1693k(a)(3); and

d.   Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, CHERYL WILLIAMS, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

Date: 10/30/2015                    By: /s/ Craig Thor Kimmel
                                        CRAIG THOR KIMMEL
                                        Attorney ID No. 57100
                                        Kimmel & Silverman, P.C.
                                        30 E. Butler Pike
                                        Ambler, PA 19002
                                        Phone: (215) 540-8888
                                        Fax: (877) 788-2864
                                        Email: kimmel@creditlaw.com

PLAINTIFF'S COMPLAINT